NO. 12-03-00172-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 



IN RE: ROBERT F. CALDWELL,
§
 ORIGINAL PROCEEDING



§
 






MEMORANDUM OPINION


 Relator Robert Caldwell ("Relator") seeks a writ of mandamus compelling the 7th District
Court of Smith County to rescind its order sentencing Relator to deferred adjudication probation for
aggravated assault. We deny the writ.

 Relator alleges that he pleaded guilty to aggravated assault and true to two enhancement
paragraphs after which he was placed on deferred adjudication probation for ten years. He argues
that the trial court's sentencing order, is void because judge-ordered community supervision is not
available to a defendant under such circumstances. Therefore, he continues, the sentencing order
should be rescinded by writ of mandamus.

 A writ of mandamus will only be issued "to correct a clear abuse of discretion or [a] violation
of a duty imposed by law where there is no other remedy by law." Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985). A party seeking mandamus relief must generally bring
forward all that is necessary to establish the claim for relief. See Tex. R. App. P. 52. This includes
providing an adequate record to substantiate the allegations contained in the petition for mandamus.
Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). Without a sufficient record, a party seeking
mandamus relief has not proved any entitlement to the writ. Id. Here, Relator has failed to furnish
the record required by Rule 52 and has therefore failed to show that he is entitled to the relief
requested.

 Even if he had furnished the requisite record, the allegations in Relator's petition do not
suggest that Relator is entitled to relief. The imposition of Relator's sentence is governed by Article
42.12, section 5 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5 (Vernon Supp. 2003). Section 5 provides that after receiving a plea of guilty or nolo contendere,
hearing the evidence, and finding that it substantiates the defendant's guilt, the trial court may defer
further proceedings without entering an adjudication of guilt and place the defendant on community
supervision. Id. Section 5 does not contain the sentencing limitation Relator asserts, and the cases
cited by Relator do not stand for the proposition that such a limitation exists. Therefore, we cannot
determine that the imposition of sentence in this case was contrary to Section 5. Consequently,
Relator has not shown that he is entitled to mandamus relief. 

 Relator's petition for writ of mandamus is denied.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered June 11, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.









(PUBLISH)